FILED
2022 Apr-26  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| J.D. ATCHLEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| SOUTHERN HEALTH PARTNERS, | ) **JURY TRIAL DEMANDED** |
| INC., TANYA MATHUS, SHIVANI | ) |
| MALHOTRA, SHIRLEY LYONS, | ) |
| TAWNI SHELTON, KYNA SPEAK, | ) |
| DANIELLE CASE, SHELLEY | ) |
| TORRES, SHELLEY JONES, | ) |
| JAMIE WILLIAMS, ASHLEY HILLIS, | ) |
| AMANDA ACHARYA, IVAN | ) |
| HOLDER, ANGELA KING, | ) |
| LESLIE ROBINSON, BRANDI | ) |
| DAVIS, SONYA MOORE, and | ) |
| NURSE DOE #1-#10, | ) |
| | ) |
| Defendants | ) |

# COMPLAINT

## Introduction

1.  This is an action alleging violations by defendants of the constitutional right of J.D. Atchley to basic medical care while he was incarcerated in the Madison County Jail. Defendants allowed Atchley to withdraw cold turkey from Xanax, a medication he had been taking for many years, and then delayed sending him to the hospital once he started experiencing serious withdrawal symptoms.

## Parties

2. J.D. Atchley is an individual residing in Madison County, Alabama.

3. Defendant Southern Health Partners, Inc. (SHP) is a private for-profit corporation that is under a contractual obligation to provide medical care for inmates in the Madison County Jail.

4. Defendants Tanya Mathus, Shirley Lyons, Tawni Shelton, Kyna Speak, Danielle Case, Shelley Torres, Shelley Jones, Jamie Williams, Ashley Hillis, Amanda Acharya, Ivan Ivan Holder, Angela King, Leslie Robinson, Brandi Davis, Sonya Moore, and Nurse Doe #1-#10 were employed by SHP at the Madison County Jail as nurses (LPNs and RNs) at all relevant times.

5. Defendant Shivani Malhotra was employed by SHP at the Madison County Jail as a physician.

6. Plaintiff sues each of the individual defendants in his or her individual capacity.

7. Each of the individual defendants acted under color of law and within the scope of his or her employment when engaging in the misconduct described herein.

## Facts

8. J.D. Atchley was arrested on or about April 26, 2020.

9. Atchley has taken Xanax (by prescription) for many years.

10. On the date he was arrested, Atchley saw defendant Mathus[1] or Nurse Doe #1 at around 9:30 p.m.

11. Atchley disclosed his long history of Xanax use.

12. In other visits to the jail, Atchley has received librium to address potential withdrawal.

13. The nursing standard of care requires that a physician be informed regarding a jail inmate who is dependent on a benzodiazepine.

14. Defendant Mathus or Nurse Doe #1 did not inform the physician, defendant Malhotra.

15. As a result Atchley did not receive librium or any other treatment to prevent serious benzodiazepine withdrawal.

16. Alternatively, in violation of the physican standard of care, defendant Malhotra was informed regarding Atchley's dependence on Xanax but, in violation of the physician standard of care, failed to prescribe librium or any other treatment to prevent serious benzodiazepine with drawal.

17. The physician standard of care for someone like Atchley, who is dependent on a benzodiazepine like Xanax, at a minimum, is to treat them with another benzodiazepine, such as librium, to prevent the negative effects of withdrawal

---

[1] The signature in the records is difficult to read.

(or at least prevent the most serious withdrawal effects).

18. Atchley was placed on a narcotics withdrawal protocol because he took suboxone.

19. Atchley's vital signs were monitored, and Atchley was seen by SHP nursing staff twice per day.

20. Atchley told SHP nurses that he was withdrawing from Xanax.

21. SHP nurses watched Atchley deteriorate.

22. By April 29, 2020, at the latest, it was obvious that Atchley needed treatment in a hospital for benzodiazepine withdrawal.

23. Atchley had elevated blood pressure, confusion, slurred speech, and seizures.

24. Atchley was disconnected from reality and unable to communicate with the nursing staff.

25. On May 1, 2020, due to Atchley's deterioration, he was moved into a medical watch cell.

26. From April 29, 2020, to May 2, 2022, in violation of the standard of care for a nurse and acting with deliberate indifference, the SHP nursing staff (with the help of correctional staff) watched Atchley without contacting a physician or otherwise taking action to get Atchley help.

27.   Only after Atchley completely ceased responding and lay in rigid in his cell in his own excrement was an ambulance called.

28.   The SHP nursing staff members who observed or were informed regarding Atchley's deteriorated state (disconnection from reality, slurred speech, elevated blood pressure (as high as 170/110), seizures, and inability to communicate) and failed to act included the following persons: Tanya Mathus, Shirley Lyons, Tawni Shelton, Kyna Speak, Danielle Case, Shelley Torres, Shelley Jones, Jamie Williams, Ashley Hillis, Amanda Acharya, Ivan Ivan Holder, Angela King, Leslie Robinson, Brandi Davis, Sonya Moore, and Nurse Doe #1-#10.

29.   As a result of the conduct of defendants, Atchley required an extended period of hospitalization. Atchley still suffers from the effects.

30.   All of the individual defendants acted with intent to violate plaintiff's constitutional rights or with reckless disregard for those rights, justifying punitive damages.

### Count I - § 1983 - Fourteenth Amendment - Deliberate Indifference to Serious Medical Needs - Against the Individual Defendants Only[2]

31. As explained above, each of the individual defendants was deliberately indifferent to plaintiff's serious medical needs between on or about April 29 and May 2, 2020, in violation of the Fourteenth Amendment to the United States Constitution.

32. As a result of the conduct of defendants, Atchley suffered injuries and damages.

### Count II - Medical Negligence Against SHP, Defendant Nurses, and Unidentified SHP Personnel

33. As explained above, between April 26 and May 2, 2020, the identified SHP defendants and other unidentified SHP providers failed to meet the standard of care for similarly-situated healthcare providers regarding Atchley's care and condition, including failing to identify and treat Atchley's dependence on Xanax and, later, failing to promptly send Bishop to the hospital.

34. Each of these failures directly led to Atchley's damages.

---

[2] Under current law, non-governmental healthcare entities like SHP are liable only for policies and customs that cause constitutional violations rather than pursuant to general agency principles and are not subject to punitive damages under § 1983. Plaintiff reserves the right to seek a change in the law regarding these matters on appeal. Plaintiff also seeks a change in the law regarding whether individual officer defendants can assert a qualified immunity defense and the standards under which that defense is applied.

35.     SHP and its nurses, aids, physicians, and other care providers, including the named defendants, acted as employees or agents of SHP and acted in the line and scope of their employment or agency and/or for the benefit of SHP. Therefore, SHP is liable under agency principles.

36.     A reasonably prudent healthcare provider, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts and patterns of negligence on the part of these defendants, operating separately or in combination with other defendants jointly and cumulatively, proximately contributed to cause Atchley's damages.

## Other Matters

37.     All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

38.     As relief, plaintiff seeks the following:

   a.   That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

   b.   That plaintiff be awarded against all defendants sued in their individual capacities and SHP such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover (pursuant to Alabama and federal law);

   c.   That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

   d.   That plaintiff be awarded the costs of this action, plaintiff's

    reasonable attorney's fees, and plaintiff's reasonable expert witness fees;

 e. Appropriate declaratory and injunctive relief; and

 f. That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated: April 26, 2022.**

          Respectfully submitted,

          s/ Henry F. Sherrod III
          Henry F. (Hank) Sherrod III
          No. ASB-1200-D63H
          HENRY F. SHERROD III, P.C.
          119 South Court Street
          Florence, AL 35630
          Telephone: (256) 764-4141
          Facsimile: (877) 864-0802
          Email: hank@alcivilrights.com

          Attorney for Plaintiff

## Jury Demand

Plaintiff demands a trial by jury.

          s/ Henry F. (Hank) Sherrod III
          Henry F. (Hank) Sherrod III